In the Matter of the Claim of HENRY W. PUNKE, Respondent.

MICHAEL J. MURPHY, as Acting Industrial Commissioner of the State of New York, Appellant; SPONGE-AIRE SEAT COMPANY, INC., Respondent.

Third Department, May 3, 1944.

*Nathaniel L. Goldstein, Attorney-General (Francis R. Curran, Assistant Attorney-General),* for appellant.

*Robert L. Strebel* for employer-respondent.

BREWSTER, J. Initial determinations of the Acting Industrial Commissioner having held claimant ineligible for benefits under the Unemployment Insurance Law (Labor Law, art. 18) upon the ground that there was no record of his having been employed in a " covered employment," he requested and was granted hearings by a referee pursuant to section 530 of said Act. These were upon due notice to the employer respondent and it became a party to the proceedings (§ 530, *supra*) and actively participated therein. Upon the proofs taken at these hearings the referee rendered an opinion and decision holding that claimant had been an employee of respondent employer in a covered employment; that he was entitled to be credited with his earnings therein during the years 1940-1941, and that said employer was liable for contributions accordingly.

From the referee's decision aforesaid the employer respondent appealed to the Unemployment Insurance Appeal Board and in its notice of such appeal specified six grounds therefor, four of which pointed its contention that claimant had not been its employee within the meaning of the Act, but rather had borne the relation of an independent contractor. This contention had formed the principal subject of the hearings before the referee.

No additional proofs were submitted at the hearings held in connection with said appeal, but, at the hearing thereof on September 15, 1943, an attorney representing the employer respondent made an offer in settlement of the controversy. He offered to stipulate and stated upon the record that his client did stipulate as follows: " * * * Whereas, the employer chooses, in lieu of further proceedings, to voluntarily pay contributions and avoid a formal adjudication as to the relationship between the appellant and the claimant, it is agreed that the appellant voluntarily assumes liability for the payment of contributions on the earnings of the claimant during the period in question under the terms and conditions of this stipulation." Following this the member of the board holding the hearing stated for the record that since " neither party would be prejudiced by such a settlement, the Board accepts this method of disposing of this matter." Thereafter the Appeal Board, by one of its members, rendered a decision holding claimant entitled to credit for his earnings with employer respondent, whose voluntary assumption of contributions thereon was therein recited and, following this, it " *rescinded* " the finding of the referee that claimant was or had been " an

employee of appellant " (employer respondent here) and as thus modified it affirmed the decision of the referee.

It appears that in the course of the hearings before the referee written interrogatories were submitted and answered by claimant in Philadelphia, where he then resided, without notice to the alleged employer, and that these were used to support the referee's findings; that the Appeal Board had scheduled a hearing to afford the employer opportunity to be confronted therewith and to rebut the same. The difficulty imminent in legally accomplishing this appears to have been a cause for the disposition finally made of the matter by the Appeal Board. In effect it is so recited in the " opinion " part of the decision here appealed from. It is to be noted that in said " opinion " the employer respondent is referred to as " a covered employer." Thus the inconsistency of such reference, when followed by a decision in effect to the direct contrary.

The appeal here presents the question whether the Appeal Board erred as a matter of law because of the aforesaid method of its disposition of the matter. Could it lawfully grant benefits to claimant in the absence of a finding that he was or had been an employee of the employer respondent within the meaning of the Act? There is now no such finding. Such finding by the referee has been expressly rescinded. A related question is whether an alleged employer's voluntary assumption of the role of a covered employer as to one claimant seeking the benefits of the Act, may form a legal basis of the Appeal Board's award of benefits, when the question is presented, but undetermined, as to whether the employer is one within the meaning of the Act. It is my opinion it may not. There can be no credit for or a payment of benefits under the Act except to an employee in a covered employment. (§ 503, subd. 1, § 502, subd. 2, *supra*.) A finding or determination of the prescribed status is a primary condition to such credit or payment. Voluntary assumption or offer of concession of such status may not form the basis of a valid award in the absence of a due finding of its existence. (§ 510, subd. 3, *supra*.) Procedure designed to " *avoid a formal adjudication as to the relationship*," as was the case here, is not only unauthorized but is directly counter to the mandate of the statute. Section 530, subdivision 2 (*supra*) provides that where the question is whether one is a covered employer, the decision " shall not be deemed limited in its effect to the immediate employee making the claim  *  *  * but shall be deemed a general determination of such questions

with respect to all those employed by such person or employer, * * * and * * * shall be conclusive and binding upon him * * *."

The decision appealed from should be reversed ón the law, with costs to the appellant against the employer respondent and the matter remitted to the Unemployment Insurance Appeal Board for its further consideration and determination as to the questioned relationship between the claimant and employer, respondents.

HILL, P. J., BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Decision reversed on the law, with costs to the appellant against the employer respondent, and the matter remitted to the Unemployment Insurance Appeal Board for its further consideration and determination as to the questioned relationship between the claimant and employer, respondents.